# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

| | |
|---|---|
| **MARK ALLEN JENKINS,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **v.** | )  **Case no. 4:08-cv-00869-VEH** |
| | ) |
| **JEFFERSON S. DUNN, Commissioner,** | ) |
| **Alabama Department of Corrections,** | ) |
| | ) |
| **Respondent.** | ) |

---

## MEMORANDUM OPINION AND ORDER

This death penalty habeas action brought pursuant to 28 U.S.C.A. § 2254 comes before the Court on petitioner's Motion To Alter or Amend Judgment and To Reconsider Denial of a Certificate of Appealability (doc. 59). The respondent has opposed (doc. 63) and petitioner has replied (doc. 66). Additionally, on April 15, 2017, the petitioner filed a Notice of Supplemental Authority (doc. 70). Accordingly, the matter is ripe for determination.

The Court's 347-page Memorandum Opinion (doc. 57) entered on August 31, 2016, comprehensively sets out the undersigned's reasoning and conclusions on each of petitioner's myriad habeas claims. Petitioner has not satisfied the Rule 59(e) standard for reconsideration, as his arguments either rehash what he has

already said or otherwise do not meet the "manifest error" standard for relief. Additionally, any "new" arguments are jurisdictionally barred. Accordingly, the Motion is due to be, and hereby is, **DENIED**.

## I.      BACKGROUND

The petitioner, Mark Allen Jenkins ("Mr. Jenkins"), was convicted and sentenced to death in the Circuit Court of St. Clair County, Alabama, for the 1989 murder of Tammy Ruth Hogeland during the course of a robbery and kidnaping. The Alabama state courts devoted significant efforts to hearing and adjudicating Mr. Jenkins's direct appeal. The Supreme Court of the United States has denied certiorari three times in this action.

On May 16, 2008, Mr. Jenkins timely filed in this District Court a 113-page § 2254 Petition for Writ of Habeas Corpus by Person in State Custody under Death Sentence. On August 11, 2008, Mr. Jenkins filed an amended § 2254 Petition in this District Court. The respondent filed an answer to the amended petition. On November 12, 2008, this action was stayed to allow Mr. Jenkins to pursue a second state Rule 32 petition, which he filed in state court on October 1, 2008. The Alabama State Court heard and adjudicated Mr. Jenkins's second Rule 32 petition. On June 20, 2013, Mr. Jenkins filed an amended petition in this District Court, raising his newly-exhausted Rule 32 claim. The respondent filed an

answer to the amendment on September 3, 2013. Mr. Jenkins filed a reply brief on November 14, 2013.

On November 14, 2013, Mr. Jenkins filed a Motion for an Evidentiary Hearing, in which he raised an *Atkins* claim. The respondent opposed this motion. After Mr. Jenkins filed his reply brief in that motion, on March 31, 2015, this Court denied Mr. Jenkins's motion.

On August 24, 2015, this Court ordered the respondent to supplement the record, which the respondent did two days later. On August 31, 2016, after considering all the pleadings and the voluminous record, this Court issued its Memorandum Opinion and its Order denying the petition and denying a certificate of appealability as to all of Mr. Jenkins's claims.

On September 28, 2016 (the 28th calendar day after entry of the August 31 Memorandum Opinion and Order), Mr. Jenkins filed his 87-page Motion To Alter or Amend Judgment and To Reconsider Denial of a Certificate of Appealability under Rule 59(e), Fed. R. Civ. P. In that Motion, petitioner asks that this Court reexamine all or virtually all of the issues denied by this Court.

Specifically, the Motion asserts that this Court erred because it "largely adopt[ed] Alabama courts' unreasonable determinations" (doc. 59 at 5) in denying Mr. Jenkins's claim of (1) ineffective assistance of counsel (with 7 sub-claims

under this claim) (doc. 59 at 5-70); (2) juror misconduct (with 3 sub-claims) (*id.* at 70-75); (3) intellectual disability ("*Atkins*") (with 24 "aspects" listed without any analysis) (*id.* at 75-82); and (4) ineffective assistance claims based on *Batson* (with 12 "aspects" listed without any analysis) (*id.* at 82-87).[1]

## II.    STANDARD OF REVIEW

### A.    <u>Rule 59(e) Standard Generally</u>

#### 1.    **The standard in this Circuit will be applied by this Court**.

"The decision to alter or amend judgment is committed to the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion." *Am. Home Assur. Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985) (citing *Futures Trading Comm'n v. Am. Commodities Group*, 753 F.2d 862, 866 (11th Cir. 1984)). "While, as a rule, parties are not entitled to 'two bites at the apple', there are occasions in which reconsideration should be entertained." *Lussier v. Dugger*, 904 F.2d 661, 667 (11th Cir. 1990) (citing *Am. Home*, 763 F.2d at 1239).

As the Eleventh Circuit has summarized the limited scope of relief that is

---

[1] Because Mr. Jenkins's Motion, insofar as it relates to his *Atkins* claims, merely lists 24 "aspects" <u>without any analysis</u>, and, insofar as it relates to ineffective assistance based on *Batson*, merely lists 12 "aspects" <u>without any analysis</u>, the Court finds the Motion deficient as underdeveloped and clearly insufficient to meet Rule 59(e)'s stringent standard.

available to a litigant under Rule 59(e):

> "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999). "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).

*Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007); *see also Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010) ("Reconsidering the merits of a judgment, absent a manifest error of law or fact, is not the purpose of Rule 59."); *Stone v. Wall*, 135 F.3d 1438, 1442 (11th Cir. 1998) ("The purpose of a Rule 59(e) motion is not to raise an argument that was previously available, but not pressed."). "The extremely limited nature of the Rule 59(e) remedy cannot be overstated. To prevail on a motion to reconsider, '[t]he losing party must do more than show that a grant of the motion might have been warranted; he must demonstrate a justification for relief so compelling that the court was required to grant the motion.' *Maradiaga v. United States*, 679 F.3d 1286, 1291 (11th Cir.2012) (citations and internal marks omitted)." *Lee v. Thomas*, No. CIV.A. 10-0587-WS-M, 2012 WL 3137901, at *2 n.1 (S.D. Ala. Aug. 1, 2012)(Steele, J.).

## 2.  Mr. Jenkins's proffered standard is erroneous.

Counsel for Mr. Jenkins, in his reply brief, states "the Commissioner

correctly asserts this Court may grant a motion to correct a manifest error o[f] law or fact." (Doc. 66 at 1-2, citing doc. 63 at 5). He next states that "[b]ecause each issue raised in Mr. Jenkins's Motion identifies, with specificity, such legal or factual errors, the Court should grant this motion to reconsider and grant relief for the reasons set forth in that motion." (*Id*. at 2). He then argues that, "[c]ontrary to the Commissioner's related assertion – i.e., that manifest errors of law or fact constitute 'the *only* grounds for granting [a Rule 59(e)] motion,' – however, a motion to reconsider is also the appropriate means to address intervening changes in law, or where petitioner was denied notice and a fair opportunity to present his position." (*Id*.) (emphasis by italics in original; citations omitted). He concludes his statement of the appropriate "Standards of Review" (*id*. at 1) by asserting that, "[b]ecause Mr. Jenkins's Rule 59(e) motion addresses manifest errors, intervening changes in the law, and/or findings and conclusions for which he was denied fair notice and an opportunity to be heard, this Court should reconsider its decision and grant relief." (*Id*. at 2-3).

Mr. Jenkins is wrong. The authority he cites does not hold as he states it does, is not binding in this Circuit, or both.

In support of his "intervening changes in law" standard, he cites three cases: *Oliver v. Orange Co., Fla.*, 456 F. App'x 815, 818 (11th Cir. 2012); *Burtch v.*

*Milberg Factors, Inc.*, 662 F.3d 212, 231 (3d Cir. 2011); *Summit Med. Ctr. Of Ala., Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003). *Oliver* is unpublished, and therefore not binding. Additionally, it is not on point. In *Oliver*, the appellant asserted that the district court had violated the law of the case doctrine.[2] Specifically, the *Oliver* panel said: "there are exceptions to the law of the case doctrine, namely, where the defendant can show either (1) new evidence; (2) an intervening change in the law that dictates a different result; or (3) that the prior decision was clearly erroneous and would result in manifest injustice." *Oliver*, 456 F. App'x at 818.

   *Burch*[3] *v. Milberg Factors, Inc.*, 662 F.3d 212 (3d Cir. 2011) is a decision of the Third Circuit Court of Appeals. It does contain language consistent with Mr. Jenkins's "intervening change in law" standard for motions brought under Rule 59(e).[4] However, what *Burch* actually concerned was an appeal by a Chapter 7 trustee of a district court's order granting the defendants' motion to dismiss as well as the district court's order denying leave to amend the complaint. *Id.* at 216.

---

[2] Rule 59(e) is not mentioned anywhere in *Oliver*.

[3] Misspelled "*Burch*" in Mr. Jenkins's reply brief, doc. 66.

[4] "Generally, motions for reconsideration under Rule 59(e) must rely on one of the following three grounds: '(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice.'" *Burch v. Milberg*, 662 F.3d at 230.

Specifically, after the district court dismissed the complaint under 12(b)(6) (applying "*Twiqbal*"), the trustee "brought a Motion To Alter or Amend Judgment under Federal Rules of Procedure 59(e) and 15(a)." *Id*. at 219. The district court "denied the Motion, declining to re-open the judgment and denying leave to amend. The [d]istrict [c]ourt concluded that Rule 59 governs post-judgment requests for leave to amend and Burtch failed to allege any of the requirements of Rule 59(e)." *Id*. at 220. The Third Circuit affirmed on the basis that the proposed amendment was futile. *Id*. at 231 ("The Proposed Amended Complaint is futile and the Rule 59(e) and Rule 15(a) motions were properly denied.").

*Summit Med. Ctr. Of Ala., Inc. v. Riley*, 284 F. Supp. 2d 1350 (M.D. Ala. 2003) is the final case cited by Mr. Jenkins for his "intervening changes in law" standard. Of course, district court cases are not binding authority. Language consistent with Mr. Jenkins's standard appears in this case. Specifically, and with context, that court stated:

> The Defendants' Motion to Alter or Amend Order on Summary Judgment is directed toward the court's conclusion that the Act's compelled payment provision violates the First Amendment. In support of their motion, the Defendants assert two arguments. First, the Defendants contend that the court failed to view the Act's compelled payment provision within the context of the State's broader regulatory scheme for abortion. The Defendants conclude that by taking a narrow view of the Act's context, the court incorrectly applied *United States v. United Foods, Inc.*, 533 U.S. 405, 121 S.Ct.

2334, 150 L.Ed.2d 438 (2001). Second, the Defendants argue that the court failed to consider whether the State's informational materials are immune from First Amendment scrutiny under the "government speech" doctrine. Neither of these two arguments is properly asserted in a motion for reconsideration, except possibly to the extent that the first argument is simply that the court "got it wrong." *See Mays v. United States Postal Service*, 122 F.3d 43, 46 (11th Cir.1997) ("This circuit has held that a motion to reconsider should not be used by the parties to set forth new theories of law."). A motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice. *See Groover*, 90 F.Supp.2d at 1256. None of these criteria are present in this case; therefore, the court concludes that the Defendants' motion is due to be DENIED.

*Id*. at 1354-55.

To support his argument that the Rule 59(e) standard is met "where petitioner was denied notice and a fair opportunity to present his position," (doc. 66 at 2), Mr. Jenkins relies on three inapposite and non-supportive cases. The first is "*Day v. McDonough*, 547 U.S. 198, 210 (2006) ("[B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions.")" (doc. 66 at 2). In *Day*, the Supreme Court "h[e]ld that district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *Id*. at 209. They then went on to state, "[o]f course, before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." *Id*. at 210. That is, in *Day*,

the district court *sua sponte* determined facts — specifically, that the date the parties relied on was not accurate and what the correct date was. The facts had legal significance, but nonetheless they were facts. Mr. Jenkins seeks to stretch the Court's statement in *Day* to preclude courts from relying on legal authority that is issued after the parties' last briefing without first giving the parties notice of the fact that the court is going to do so and an opportunity for the parties to be heard about that legal authority. By any stretch of the imagination, *Day* does not support the proposition for which Mr. Jenkins offers it.

The second case relied on by Mr. Jenkins for his deprivation of notice and fair opportunity standard is "*Brumfield v. Cain*, 135 S. Ct. 2269, 2281-82 (2015)(holding it improper to defer to state fact findings or to 'hypothetical reasons state court might have given for denying federal claim where there is 'no opinion explaining the reasons relief has been denied.'")" (doc. 66 at 2). The quoted words simply do not appear in this decision, at least at the pages pinpointed by Mr. Jenkins.

The third and final case relied on by Mr. Jenkins for his deprivation of notice and fair opportunity gloss on the standard applicable to a Rule 59(e) motion is "*Kyles v. Whitley*, 514 U.S. 419, 440 (1995) (state findings entitled to no deference when made under erroneous legal standard)" (doc. 66 at 2). Again, this

pinpoint citation does not contain language consistent with the parenthetical Mr. Jenkins attributes to it.

**B.    Impact of AEDPA on Rule 59(e) Standard**

Because this case is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104–132, 110 Stat. 1214 (1996), this Court must, as an initial matter, consider the potential impact of that Act on the pending motion. The parties have not addressed this issue, and the Court has not been able to find any opinion that is binding in this Circuit regarding the impact of that Act on a Rule 59(e) motion brought in a case subject to the AEDPA. This Court believes, for the reasons set out below, that the Eleventh Circuit would find that any "new" issue raised in a Rule 59(e) motion in a habeas case is subject to the AEDPA's restrictions on second or successive petitions brought under 28 U.S.C.A. § 2254 and, accordingly, under the AEDPA, this Court lacks jurisdiction to decide such "new" issues.[5]

**1.    *AEDPA's substantive impact.***

As amended by the AEDPA, § 2244(b)(2) provides that

---

[5]  This Court is unaware of any authorization by the Eleventh Circuit Court of Appeals for Mr. Jenkins to file a "second or successive" habeas petition, as required by the AEDPA. *See* 28 U.S.C.A. § 2244(b)(3)(A)("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C.A. § 2244(b)(2) (West).[6]

Mr. Jenkins does not even argue that he meets this standard. Further, as explained in subsection 2 below, this Court lacks jurisdiction to determine whether or not he meets it.

## 2. *AEDPA's procedural impact.*

The AEDPA also modified the procedures governing successive collateral review applications. As a result of these modifications, a prisoner seeking to file a

---

[6] A separate provision, also enacted as part of the AEDPA, places similar restrictions on federal prisoners seeking to file successive applications under 28 U.S.C.A. § 2255. *See* 28 U.S.C.A. § 2255(h).

successive application in the district court must first obtain authorization from the appropriate court of appeals. *See* 28 U.S.C.A. § 2244(b)(3). The court of appeals must examine the application to determine whether it contains any claim that satisfies § 2244(b)(2) (for state prisoners) or § 2255(h) (for federal prisoners). The prisoner may bring his claims before a district court only if the court of appeals authorizes him to do so. *Burton v. Stewart*, 549 U.S. 147, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (holding that a petitioner's failure to seek such authorization from the appropriate appellate court before filing a second or successive habeas petition deprives the district court of jurisdiction).

### 3. *Gonzalez v. Crosby*

While, as stated above, this Court has been unable to find any decision binding in this Circuit on the issue of how the AEDPA impacts the standard applicable to motions brought under Rule 59(e) in habeas cases, at least eight circuits, and multiple district courts, have addressed this very issue in light of the Supreme Court's decision in *Gonzalez v. Crosby*, 545 U.S. 524, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005). In *Gonzalez*, the Supreme Court addressed when a federal court should construe a petitioner's Rule 60(b) motion as a second or successive habeas petition subject to the restrictions of AEDPA. *Id*. at 526, 125 S.Ct. at 2644. That Court explained that the Rules of Civil Procedure apply "in

13

habeas corpus proceedings under 28 U.S.C. § 2254 only to the extent" that they are "not inconsistent" with the "statutory provisions and rules" of AEDPA. *Id*. at 529, 125 S.Ct. at 2646 (internal quotations omitted). The Court also noted that "[a]s a textual matter, § 2244(b) applies only where the court acts pursuant to a prisoner's 'application' for a writ of habeas corpus," and that "an 'application' for habeas relief is a filing that contains one or more 'claims.'" *Id*. at 530, 125 S.Ct. at 2647.

The Supreme Court then held that Rule 60 is "inconsistent" with the AEDPA and, accordingly, the AEDPA's restrictions, rather than the general standard applicable to motions under Rule 60, apply when the motion "seeks vindication of ... a claim" as that term is used in 28 U.S.C.A. § 2254(b). *Id*. at 531, 125 S. Ct. at 2647.

As the Supreme Court explained, the relief sought by the motion, not the label attached to it, is determinative. And a "'claim' as used in § 2244(b) is an asserted federal basis for relief from a state court's judgment of conviction." *Id*. at 530, 125 S. Ct. at 2647. Accordingly,

> A habeas petitioner's filing that seeks vindication of such a claim is, if not in substance a "habeas corpus application," at least similar enough that failing to subject it to the same requirements would be "inconsistent with" the statute. 28 U.S.C. § 2254 Rule 11. Using Rule 60(b) to present new claims for relief from a state court's judgment of

14

conviction‑even claims couched in the language of a true Rule 60(b) motion‑circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts. § 2244(b)(2). The same is true of a Rule 60(b)(2) motion presenting new evidence in support of a claim already litigated: Even assuming that reliance on a new factual predicate causes that motion to escape § 2244(b)(1)'s prohibition of claims "presented in a prior application," § 2244(b)(2)(B) requires a more convincing factual showing than does Rule 60(b). Likewise, a Rule 60(b) motion based on a purported change in the substantive law governing the claim could be used to circumvent § 2244(b)(2)(A)'s dictate that the only new law on which a successive petition may rely is "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." In addition to the substantive conflict with AEDPA standards, in each of these three examples use of Rule 60(b) would impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar. § 2244(b)(3).

In most cases, determining whether a Rule 60(b) motion advances one or more "claims" will be relatively simple. A motion that seeks to add a new ground for relief [...] will of course qualify. A motion can also be said to bring a "claim" if it attacks the federal court's previous resolution of a claim *on the merits*,FN4 since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief. That is not the case, however, when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.FN5

FN4. The term "on the merits" has multiple usages. *See, e.g., Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 501-503, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001). We refer here to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d). When a movant

asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in error) he is making a habeas corpus claim. He is not doing so when he merely asserts that a previous ruling which precluded a merits determination was in error-for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.

FN5. Fraud on the federal habeas court is one example of such a defect. *See generally Rodriguez v. Mitchell*, 252 F.3d 191, 199 (C.A.2 2001) (a witness's allegedly fraudulent basis for refusing to appear at a federal habeas hearing "relate[d] to the integrity of the federal habeas proceeding, not to the integrity of the state criminal trial"). We note that an attack based on the movant's own conduct, or his habeas counsel's omissions, *see, e.g., supra*, at 2647, ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably.

*Id*. at 531-32, 125 S. Ct. at 2647-48.

As the Supreme Court further explained,

When no "claim" is presented, there is no basis for contending that the Rule 60(b) motion should be treated like a habeas corpus application. If neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules. Petitioner's motion in the present case, which alleges that the federal courts misapplied the federal statute of limitations set out in § 2244(d), fits this description.

*Id*. at 533, 125 S. Ct. at 2648 (footnote omitted).

Although *Gonzalez*'s holding was expressly limited to Rule 60(b) motions,[7]

---

[7] *See id*. at 529 n. 3, 125 S.Ct. at 2646 ("In this case we consider only the extent to which Rule 60(b) applies to habeas proceedings under 28 U.S.C. § 2254, which governs federal habeas

at least eight circuit courts of appeal and multiple district courts have considered

whether — and how — to extend *Gonzalez*'s holding to Rule 59(e) motions. The

circuit courts have split.

In a 2016 decision entitled *Rishor v. Ferguson*, the Ninth Circuit Court of

Appeals summarized the circuit split as follows:

> The Fifth, Eighth, Tenth, and Fourth Circuits have concluded that a
> Rule 59(e) motion that advances a "claim" as defined by *Gonzalez*
> should be construed as a second or successive habeas petition. *See*
> *Williams v. Thaler*, 602 F.3d 291, 303–05 (5th Cir.2010) [cert.
> denied, 131 S. Ct. 506 (2010)]; *Ward v. Norris*, 577 F.3d 925, 935
> (8th Cir.2009) [cert. denied, 130 S. Ct. 2367 (2010)]; *United States v.
> Pedraza*, 466 F.3d 932, 934 (10th Cir.2006); *United States v. Martin*,
> 132 Fed.Appx. 450, 451 (4th Cir.2005) (unpublished). The Third,
> Sixth, and Seventh Circuits have held that a Rule 59(e) motion should
> never be construed as a second or successive habeas petition, whether
> or not it advances a *Gonzalez* claim. *Blystone v. Horn*, 664 F.3d 397,
> 415 (3d Cir.2011); *Howard v. United States*, 533 F.3d 472, 475–76
> (6th Cir.2008); *Curry v. United States*, 307 F.3d 664, 665 (7th
> Cir.2002).

*Rishor v. Ferguson*, 822 F.3d 482, 491 (9th Cir. 2016) (footnote omitted).

After considering *Gonzalez* and the various circuit court opinions, the Ninth

Circuit "departed" from all of the other circuits, and adopted a "hybrid" approach.

Specifically, the Ninth Circuit held that "*Gonzalez* and § 2244(b) apply to Rule

59(e) motions *only when* the motion raises entirely new claims." *Id*. at 493

---

relief for prisoners convicted in state court.").

(emphasis in original).

This Court is persuaded that the Fifth, Eighth, Tenth, and Fourth Circuits have most faithfully applied *Gonzalez*'s reasoning and the purpose of the restrictions contained in the AEDPA in the context of a motion brought under Rule 59(e). Specifically, if a motion advances a "claim" as defined by *Gonzalez*, it should be construed as a second or successive habeas petition. *See Williams v. Thaler*, 602 F.3d at 303 (recognizing the "AEDPA's basic premises–avoiding piecemeal litigation and encouraging petitioners to bring all their substantive claims in a single filing–[and stating that] we believe that Rule 59(e) gives rise to concerns similar to those the Supreme Court addressed in *Gonzalez*, and therefore apply the *Gonzalez* framework...."). Second, where there is conflict between the Federal Rules of Civil Procedure and the AEDPA, the AEDPA's provisions control.[8]

In *Williams v. Thaler*, the Fifth Circuit applied the *Gonzalez* framework to both the petitioner's Rule 59(e) motion and to his Rule 60 motion. That Court held that petitioner's actual innocence claim asserted in his Rule 59(e) motion sought to add a new ground for relief and thus was barred by the AEDPA as second or

---

[8] Respectfully, it appears to this Court that the Third, Sixth, and Seventh Circuits have constrained the AEDPA by the Federal Rules of Civil Procedure, rather than, as *Gonzalez* instructs, the other way around.

successive; but that his Rule 60 motion, which challenged the district court's refusals to excuse a federal procedural default or to grant a stay and abeyance were not "claims" and therefore not barred because they were not challenges to the substance of the district court's resolution of his habeas claims but instead were challenges to a purported defect in the integrity of the district court proceedings. *See also Ward v. Norris*, 577 F.3d at 935 (Rule 59(e) motion is second or successive if it asks for a second chance to have the merits of the underlying state proceeding determined); *United States v. Pedraza*, 466 F.3d at 933 (a purported Rule 59(e) motion that "in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction," like a Rule 60 motion that seeks such relief, is actually a second or successive habeas petition); *accord Ochoa v. Sirmons*, 485 F.3d 538, 540 (10th Cir. 2007) (describing *Pedraza* as "holding post-judgment effort to raise new claim by motion under Rule 59(e) is likewise equivalent of second or successive petition under § 2244(b)"). *See also United States v. Martin*, 132 Fed.Appx. at 451 (unpublished) (determining that the petitioner's "self-styled motion under Rule 59(e) is, in substance, a second motion attacking his conviction and sentence under 28 U.S.C. § 2255" and dismissing it as second or successive). As all these courts recognized, it is the substance of the relief sought – relief from the underlying conviction – and not the label applied

that should control a court's analysis.

At the very least, this Court is persuaded that *Gonzalez*'s instruction applies equally to motions brought under Rule 59(e) as to those brought under Rule 60 and that, under the AEDPA, no matter how the motion is styled, if it does not attack "the integrity of the [federal habeas] proceedings, but in effect asks for a second chance to have the merits determined favorably [by the federal habeas court]," it raises a claim that is within the scope of the AEDPA's limitations on second or successive habeas corpus petitions. *Id*. at 532 n. 5, 125 S.Ct. at 2648. *See also Ward v. Norris*, 577 F.3d at 935 ("[W]e conclude that Ward's Rule 60(b) and Rule 59 motions were improper because they were not based on a procedural defect, but rather attacked previous habeas counsel's omissions and asked for a second opportunity to have the merits determined favorably."); *U.S. v. Pedraza*, 466 F.3d at 934 ("[In a prior case], we explained that a purported Rule 60(b) motion that 'in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction' is actually a second or successive habeas petition (or, as in this case, a successive § 2255 motion), requiring authorization by this court under 28 U.S.C. § 2244(b) in order to proceed in the district court. Rule 59(e) motions are subject to the same characterization.") (citations and footnote omitted); *U.S. v. Martin*, 132 Fed. Appx. at 451 ("We have

reviewed the record and determine [sic] that [the defendant's] self-styled motion under Rule 59(e) is, in substance, a second motion attacking his conviction and sentence under 28 U.S.C. § 2255 (2000)."); *accord Ochoa v. Sirmons*, 485 F.3d at 540. *But see Blystone v. Horn*, 664 F.3d 397, 415 n.12 (3d Cir. 2011) (distinguishing *Ward v. Norris* and *U.S. v. Pedraza* on the ground that each case concerned Rule 59(e) motions to reconsider the dismissal of Rule 60(b) motions that the district court had determined to be second or successive petitions requiring court of appeals permission).

## III.   ANALYSIS

Petitioner fails to meet the stringent requirements of Rule 59(e), even without consideration of the impact of the AEDPA on that Rule. In his initial brief, he does not even attempt to show that he has met them (as opposed to merely invoking Rule 59(e)). In his reply brief, he argues that, because this Court was wrong, its opinion was "manifestly unjust."[9]

Further, this Court cannot ignore the impact of the AEDPA on Rule 59(e). Accordingly, to the extent that he attempts to have this Court consider again his

---

[9] *Inter alia*, Mr. Jenkins's counsel variously refers to this Court's decision as being based on "manifest errors of law or fact" (doc. 59 at 2) or just "manifest errors" (doc. 66 at 2), other times to this Court's adoption of the state courts' findings as "clearly erroneous" (doc.59 at 5) and therefore constituting "manifest injustice" (*id*.), "clear error" (*id*. at 17), "unreasonable" (*id*. at 41, 48), "erroneous" (*id*. at 41), "misapplied the Supreme Court's precedents" (*id*. at 48, 70), or "contrary to or unreasonable application [of law]" (*id*. at 55).

arguments that he is entitled to federal habeas relief from his underlying conviction, the Motion is a second or successive petition barred from this Court's review by the petitioner's failure to comply with the procedures required by the AEDPA (and the substantive showing required under that Act). To the extent that he attempts to raise a new issue, those attempts also fail as second or successive.

The only argument that petitioner raises that falls outside of the AEDPA as interpreted by the Supreme Court and the Fourth, Fifth, Eighth, and Tenth Circuit Courts of Appeals is his argument that this Court violated his due process by considering cases that were decided after his last brief was filed. The Court finds that this argument is not second or successive because it is not a "claim," rather, it asserts a failure of integrity in this Court's handling of Mr. Jenkins's habeas petition. However, as explained in Section II.A.2 above, Mr. Jenkins relies on *Day v. McDonough*, 547 U.S. at 210, for this argument and that case fails to support it. This Court also finds this argument to be contrary to the need for courts to issue decisions that accurately reflect the law at the time the decision is entered. As such, this argument simply makes no sense. The Court rejects it.[10,11]

---

[10] Basically, this argument stands for the proposition that, in ruling on a matter, a court may *only* rely on cases decided *before* the parties filed their briefs, or the court has deprived the parties of due process.

[11] He also fails to state what he would have said if given the opportunity, much less why those statements would have made a difference.

Further, nothing prevented Mr. Jenkins from advising this Court at any time of supplemental authority that he believed needed to be addressed. Indeed, he did so when he filed his Notice of Supplemental Authority (doc. 70) while this Rule 59(e) Motion was pending and after all briefing on it had concluded.

## IV.  CONCLUSIONS

To prevail on a Rule 59(e) motion, "[t]he losing party must do more than show that a grant of the motion might have been warranted; he must demonstrate a justification for relief so compelling that the district court was required to grant the motion." *Maradiaga v. United States*, 679 F.3d 1286, 1291 (11th Cir. 2012) (citations and internal marks omitted). Notwithstanding petitioner's argument that Rule 59(e)'s "purpose is to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings," (doc. 59 at 1), Rule 59(e) motions "are neither appeal substitutes nor a 'dry run' to test arguments in anticipation of a forthcoming appeal." *Lee v. Thomas*, 2012 WL 3137901, at *2 (S.D. Ala. Aug. 1, 2012) (Steele, J.). Like the movant in *Lee*, Jenkins "pays lip service (but no more) to [Rule 59(e)'s] stringent legal standard by framing his arguments in terms of purported 'manifest error' by this Court. By simply invoking the talismanic phrase 'manifest error' whenever he disagrees with the [August 31 Memorandum Opinion's] reasoning or conclusions,

23

[Mr. Jenkins] apparently believes that he is entitled to demand reconsideration of anything and everything under Rule 59(e). [Mr. Jenkins] is mistaken." *Id.*

To the extent that the motion seeks to relitigate old matters, it is due to be **DENIED** under the general standard applicable to Rule 59(e) motions. *See* Section II.A. above. Although Mr. Jenkins's counsel seeks to invoke "manifest injustice," he fails to set out any new facts or binding authority holding that denial of habeas relief (or a certificate of appealability) under analogous facts warrants granting a motion under Rule 59(e) in a habeas case.

To the extent that the motion seeks to raise new issues, it is a second or successive habeas petition. Accordingly, this Court lacks jurisdiction over it and it is due to be **DISMISSED**.[12] *See* Section II.B. above.

To the extent that the motion argues that this Court denied Mr. Jenkins notice and a fair opportunity to be heard, the motion is due to be **DENIED**. *See* Section II.A. above.

## V.   CERTIFICATE OF APPEALABILITY

---

[12] Accordingly, this Court does not reach the impact on Mr. Jenkins's *Atkins* claim of *Moore v. Texas*, 581 U.S. __, 137 S. Ct. 1039 (2017) (cited by Mr. Jenkins's counsel in his Notice of Supplemental Authority to Motion To Alter or Amend Final Judgment (doc. 70)) or of *Carroll v. Alabama*, __ S. Ct. __, 2017 WL 416125 (May 1, 2017) (cited by Mr. Jenkins's counsel in his second Notice of Supplemental Authority to Motion To Alter or Amend Final Judgment (doc. 71)).

If Mr. Jenkins seeks issuance of a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(1), the undersigned opines that a certificate of appealability is not warranted. That such a certificate is required is the law of this Circuit. *See Hamilton v. Sec'y, Florida Dep't of Corr.*, 793 F.3d 1261, 1265 (11th Cir. 2015), *cert. denied sub nom. Hamilton v. Jones*, 136 S. Ct. 1661, 194 L. Ed. 2d 774 (2016), *reh'g denied*, 137 S. Ct. 287, 196 L. Ed. 2d 207 (2016) (holding that "[b]inding precedent ... establishes that a COA is required before a habeas petitioner may appeal the denial of a Rule 59(e) motion.")

> Where, as here, the district court's decisions relied in part on the Federal Rules of Civil Procedure, the § 2254 petitioner must make both a substantive and a procedural showing. He must show: (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Hamilton v. Sec'y, Florida Dep't of Corr.*, 793 F.3d at 1264 (internal citations omitted). Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

## VI.    ORDER

Therefore, it is now **ORDERED**:

1. Mr. Jenkins's Rule 59(e) Motion To Alter or Amend this Court's Final Judgment (doc. 59) is **DISMISSED WITHOUT PREJUDICE IN PART** and

otherwise is **DENIED**.

2. If Mr. Jenkins appeals the denial of his Rule 59(e) Motion, this Court **DENIES** a certificate of appealability. Because this Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE** and **ORDERED** this the 10th day of May, 2017.

**VIRGINIA EMERSON HOPKINS**
United States District Judge